SUCCESSION OF PIERRE NORBERT BOUDOUSQUIE—VALCOUR FORTIER, Appellant.

The bidder to whom property is adjudicated at an auction sale, becomes, *eo instanti*, the owner of it. C. C. 2586. C. P. 690, 695. If the conditions of sale be not complied with in ten days, the vendor may take measures for a sale *à la folle enchère:* but the failure of the vendee to comply with the conditions, does not revest the title in the vendor.

The administrator of a succession is responsible for any loss sustained by the estate through his neglect.

APPEAL from the Court of Probates of New-Orleans, *Bermudez*, J.

MARTIN, J. The homologation of the account of the administrator was opposed by the executors of Sainet, who alleged that their testator sold a tract of land to Boudousquié, who, for the price thereof, executed sundry notes, endorsed by Forstall, and secured by a mortgage on the premises ; that afterwards, their testator died; that the sum of $3866 66, with interest, part of the price, being still due and payable by the estate of Boudousquié, who had departed this life, and the premises having been sold in his *mortuaria*, under the directions of the Court of Probates, to Forstall, the endorser on the notes, the administrator neglected to have the sale executed and the terms complied with, suffering Forstall to take and remain in possession of the land, and to hold himself out as proprietor, till he was declared a bankrupt by the District Court of the United States, and the premises were sold for a sum insufficient to cover the expenses of the bankruptcy. The opposition concludes with a prayer, that the estate of Sainet may be declared a mortgage creditor of that of Boudousquié, for the balance of the price of the premises ; that the administrator's claim for commission be rejected, and the amount allowed to the opponents ; that he be ordered to take proper measures to bring back the premises into the bulk of the estate he administers ;· and that it be sold, and the proceeds applied to the opponents' claim. Fortier intervened, urging an interest to resist the opposition of Sainet's executors, as the land sold by Sainet to Boudousquié, and by

the latter's administrator to Forstall, was legally adjudicated to him by the assignee of the latter. He prayed that the opposition might be rejected as far as it concerns him, and that the court render such a decree as will protect his rights, titles, and interest in the premises.

The court expressed its opinion that, when Forstall went into bankruptcy, he had no title to the premises which he could surrender to his creditors; that the title was in abeyance, and might, perhaps, even then have been perfected; but that no measures having been taken for this purpose, the title was still in Boudousquié's estate.

The court concluded that it was the duty of the administrator to treat the property as still belonging to the succession, and to have it sold in the course of administration.

From this judgment Fortier appealed; and Sainet's executors have prayed that it should be so amended, as to conform to their prayer, in all its parts.

Besides the facts which result from the allegations of the parties, the record shows, that of the amount which has been paid to Sainet, on the purchase mentioned in the opposition, three thousand dollars were paid by Forstall, after the death of Boudousquié.

The Court of Probates came to the conclusion that Forstall acquired no title from the administrator, because the sale was made on a credit, for notes secured by endorsement and by mortgage, and a notarial act executed; nothing of which, he informs us, was made. He relies on the Civil Code, art. 2589, which provides, that on an auction sale, if the vendee does not comply with the conditions within ten days, the vendor may sell the property at the vendee's risk and peril. He concludes that it is only within ten days that the vendee is considered as the owner of the property. "After this delay, the property may be treated and sold as if it still belonged to the vendor, and no previous formality is required to vest the title again in the vendor." In this, we are of opinion that the learned judge erred. The bidder to whom the property is adjudicated, becomes, *eo instanti*, the owner of it. Civil Code, art. 2586. Code of Practice, arts. 690, 695. If the conditions be not performed by him, the

expiration of ten days adds no other right to those of the vendor, than that of taking measures for a re-sale, *à la folle enchère ;* and we cannot see on what the judge grounds his opinion, that, " after this delay, no formality is required to vest the title again in the vendor." We have seen that the property vests in the bidder by the adjudication. It is clear that it is not then in abeyance, and that it must remain vested in him, until it be legally divested. The mere neglect of a compliance with the conditions of the sale, does not revest the property in the vendor. Nothing shows that Forstall was divested of his property on the day he surrendered his estate in the court of the United States. This surrender did not divest the administrator of his mortgage, and it was his duty to have enforced it in the manner most advantageous to the estate. Although he may not, perhaps, disturb the vendee of Forstall's assignee, if the adjudication to him was legally made, and the state courts cannot order him to treat the premises as a part of the estate of Boudousquié, the executors of Sainet have a right to demand that his account should not be homologated, unless he is able to show that it is not through his negligence that the price of the land, purchased by Forstall, has not been recovered, and is lost to the estate.

It is, therefore, ordered and decreed. that the judgment of the Court of Probates be annulled and reversed, and that, so far as it concerns the executors of Sainet, it be remanded to the Court of Probates, to enquire whether the administrator ought not to be charged with the amount of the balance of the price of Forstall's purchase, or any part thereof, in consequence of a failure of recovery, and loss to the estate resulting from the administrator's negligence in pursuing legal means to secure payment ; and it is ordered, that the administrator pay all costs in this court, and also those on the opposition of Fortier, in the court below.

*Bodin,* for the appellant, and the assignee.

*Marsoudet,* for the administrator.

*L. Janin,* for the opponents.